IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| QUAPONDA GREEN ) | CIVIL ACTION NUMBER: 2:22-cv-945-RMG |
| AS PERSONAL REPRESENTATIVE OF ) | |
| THE ESTATE OF JOSEPH GRANT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |
| ) | |

THE PLAINTIFF ABOVE NAMED, complaining of the Defendant alleges as follows:

1. Plaintiff is a resident and citizen of the State of South Carolina, County of Charleston and is the duly appointed Personal Representative of the Estate of Joseph Grant, deceased, having been duly appointed by the Probate Court of Charleston County, and is bringing this action for wrongful death for the benefit of the statutory beneficiaries, and is bringing this action for conscious pain and suffering for the benefit of the Estate of Joseph Grant, all in accordance with the statutes made and provided.

2. This action arises under and is brought against the Defendant pursuant to the Federal Tort Claim Act, 28 U.S.C. Sections 1346(b), 2671 et. seq., for money damages as compensation for injuries and damages as a result of negligent treatment and care provided by the Defendant, by its employees, agents and servants at Ralph H. Johnson Veterans Administration Medical Center, Charleston, South Carolina, ("VAMC") as hereinafter will fully appear.

3. That at all times mentioned the Defendant, through the Ralph H. Johnson Veterans Administration Medical Center, Charleston, South Carolina, ("VAMC"), a federal agency of the Defendant, did and still does operate a hospital and medical care facility in Charleston, South

Carolina; upon information and belief, the Defendant provides attending physicians, nurses, and other staff who work at the VAMC, who are its agents, servants, and employees, and all acts or omissions complained of herein performed by said agents, servants, and employees occurred during the course and scope of such agency and/or employment and is imputed to Defendant; and Defendant's negligent acts, omissions, and liability include its agents, principals, employees and/or servants, both directly and vicariously, pursuant to principals of non-delegable duty, corporate liability, apparent authority, agency, ostensible agency and/or *respondeat superior.*

4.     Prior to and on September 10, 2017, Defendant, through its agents, servants and employees, acting as physicians, nurses and other staff of said hospital, acting within the scope of their employment, entered upon and assumed the relationship of physicians, nurses and other staff to the Plaintiff's decedent and undertook to treat and care for the Plaintiff's decedent and impliedly agreed to exercise a reasonable degree of professional skill and diligence in the diagnosis, care and treatment of Plaintiff's decedent. Affidavits from qualified experts regarding the treatment and care provided by Defendant and its employees or agents is being contemporaneously filed with this Complaint (Attached hereto as Exhibit 1 and Exhibit 2). The Affidavits set forth certain breaches of the standard of care by Defendant and its agents and employees.

5.     Jurisdiction for this action in this Court arises under 28 U.S.C. Section 1346(b) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Section 2675(a), et seq., which provides that a tort claim which is administratively denied may be presented to a Federal District Court for judicial consideration. Plaintiff timely presented this claim in writing to The United States of America, Department of Veterans Affairs, Office of General Counsel, 3322 West End Avenue, Suite 509, Nashville, TN 37203. This suit is filed within six months after the agency's final written denial of the claim.

6.      Venue is based on 28 U.S.C 1402(b) because the Plaintiff resides in this district and also because the acts and/or omissions complained of occurred within this district.

7.      That on September 10, 2017, Plaintiff's decedent presented to Defendant for care and treatment including his regularly scheduled dialysis.  On said date, due to the gross negligence, willful, wanton and/or reckless conduct of the Defendant, significant injuries and damages resulted to Plaintiff's decedent when he arrived for dialysis complaining of itching and soreness at the site of the temporary chest catheter for dialysis and subsequently began experiencing diffuse itching, advising healthcare providers of same and requesting assistance and an antihistamine for relief to no avail, with his symptoms becoming progressively worse to include, but not limited to, diffuse itching, swelling in his face, tongue, and throat, resulting in Plaintiff's decedent requesting that the healthcare providers disconnect and stop the dialysis treatment. After dialysis was disconnected, Plaintiff's decedent became more agitated with progressive swelling, rendering him unresponsive, then pulseless and apneic.  Healthcare providers initiated a "code", however at such time Plaintiff's decedent had already developed extensive swelling of his tongue, mouth and throat, and the healthcare providers were unable to open his mouth and/or place an oral airway to assist with bag valve mask ventilation. Further, during this time Plaintiff's decedent suffered numerous intermittent cardiac rhythms, to include but not limited to pulseless electrical activity, ventricular tachycardia, torsades, and bradycardia with a pulse.  Further, Plaintiff's decedent underwent electrical shock therapy and numerous rounds of Advanced Cardiac Life Support medications. After delay, a VAMC anesthesia team arrived, and after two attempts, due to the extensive oral swelling and laryngeal edema, Plaintiff's decedent was intubated.  Plaintiff's decedent was caused to suffer through this time.  The healthcare providers ceased resuscitation efforts, after which Plaintiff's decedent was pronounced dead.

8.     That the gross negligence, willfulness, wantonness, recklessness of the Defendant consisted, among other things, of failing to provide appropriate treatment and care before, during and after dialysis and/or failing to follow dialysis treatment protocols and/or failing to properly attend to adverse reactions occurring when Plaintiff's decedent presented for dialysis and during dialysis, and/or failing to render proper emergent care for same, and/or failing to recognize and attend to an obvious allergic reaction, failing to provide timely care, failing to consult with other physicians or healthcare providers, failing to give appropriate informed consent to Plaintiff's decedent, failing to have proper protocols in place, deviation from the appropriate standard of care prior to, during and after dialysis, and other actions and omissions more fully reflected in the medical records, as well as failure to exercise that degree of care which a reasonably prudent person would have exercised under the same or similar circumstances, with the appropriate degree of professional skill, all with the knowledge and care customarily exercised, resulting in significant injuries to Plaintiff's decedent's physical and emotional condition and death, prior to which he suffered severe and conscious pain and suffering, emotional distress, and anxiety, the likes of which no person should endure, and, for this reason, the United States of America, if a private person, would be liable to Plaintiff's decedent, Plaintiff, Plaintiff's decedent's estate and the beneficiaries thereof.

9.     All of the above described was due to and caused by the gross negligence, willfulness, wantonness and/or recklessness of the Defendant resulting in significant injuries and damages as described herein to Plaintiff, Plaintiff's decedent, Plaintiff's decedent's estate, and the beneficiaries of the Plaintiff's decedent's estate.

10.    That by reason of and in consequence of the foregoing and as a direct and proximate result of the gross negligence, willfulness, wantonness, recklessness of Defendant, Plaintiff and

Plaintiff's decedent and beneficiaries of his estate suffered catastrophic injuries and damages resulting in and including Plaintiff's decedent's death.

11.     Also, that by reason of and in consequence of the foregoing and as a direct and proximate result of the gross negligence, willfulness, wantonness, and recklessness of the Defendant, Plaintiff's decedent was seriously injured while receiving treatment from the Defendant as a result of which Plaintiff's decedent sustained severe injuries in and about his body, such injuries being of a severe and debilitating nature and resulting in conscious pain and suffering, mental anguish, and anxiety and his premature death and he left surviving his children, who have lost the services, security, companionship, comfort, joy of a loving father and have suffered deep wounded feelings and great grief and sorrow, their father's love, affection, advice and have suffered economic and pecuniary loss and have been otherwise damaged by reason of the death of Joseph Grant, all to Plaintiff's damage as Personal Representative of the Estate of Joseph Grant, deceased, for the benefit of the aforesaid beneficiaries and for the benefit of the Estate of Joseph Grant.

12.     Further, by reason of and in consequence of the foregoing and as a direct and proximate result of the gross negligence, willful, wanton and/or reckless conduct of the Defendant, as set forth above, Plaintiff's decedent's estate has incurred expenses in the form of funeral and burial expenses, and additionally Plaintiff's decedent suffered fear, physical pain and suffering, medical expenses and mental and emotional distress and anguish prior to his death, for which his estate is entitled to recover for said injuries and damages.

13.     By reason of and in consequence of the foregoing and as a direct and proximate result of the gross negligence, willful, wanton and/or reckless conduct of the Defendant, as set forth above, Plaintiff's decedent suffered debilitating injuries which resulted in his death, as a

result of which, his statutory beneficiaries have lost the aid, comfort, support, society and companionship of the Plaintiff's decedent, and have suffered severe and extreme emotional distress, anxiety, grief and sorrow, the likes of which no person should endure,

WHEREFORE, Plaintiff prays for judgment against the Defendant in such amount as will fully, fairly, and justly compensate Plaintiff and for such other and further relief as may be appropriate.

By: s/Caroline West
Caroline West, Esq. (Fed. Bar. 6776)
WEST LAW LLC
147 Wappoo Creek, Ste. 204
Charleston, SC 29412
Email: caroline@westlawllc.com
Phone: (843) 790-9070
Fax: (843) 790-9075
 ATTORNEY FOR PLAINTIFF

March 22, 2022